# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WORLDVENTURES MARKETING, LLC, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 4:18-CV-498 (LEAD) |
| v. | § | JUDGE MAZZANT/JUDGE JOHNSON |
| | § | |
| CARLOS ROGERS, | § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| CARLOS ROGERS, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:18-CV-00522 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § § | |
| WORLDVENTURES MARKETING, LLC and WORLDVENTURES HOLDINGS, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

Came on for consideration the report of the United States Magistrate Judge in this consolidated action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 10, 2018, the report of the Magistrate Judge was entered (s*ee* Dkt. #73) containing proposed findings of fact and recommendations that Plaintiff/Defendant WorldVentures Marketing, LLC's ("WorldVentures") Motions to Compel Arbitration and Stay Proceedings (collectively, the "Motions") (Dkts. #54; #65) be granted and this action be stayed pending resolution of the arbitration proceeding, except that this Court shall

maintain jurisdiction of the Preliminary Injunction Order (*see* Dkts. #47; #79). Defendant/Plaintiff Carlos Rogers ("Rogers")[1] filed objections to the report (Dkt. #74). The Court has made a *de novo* review of the objections (the "Objections") raised by Rogers and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge.

In conjunction with his role as a WorldVentures Representative, Rogers entered into various agreements with WorldVentures, including the WorldVentures Representative Agreement (Dkts. #1-1; #20-8) and Policies and Procedures (Dkts. #1-2; #20-16) (collectively, the "Agreements"). WorldVentures moved to compel Rogers to submit any claims or dispute between WorldVentures and Rogers to binding arbitration pursuant to both Agreements. *See* Dkts #47; #79. The arbitration provision, set forth in Paragraph 12 of the Representative Agreement, reads in pertinent part:

> All disputes and claims relating to WorldVentures, the Agreement, or WorldVentures products and services, the rights and obligations of an independent Representative and WorldVentures, or any other claims or causes of action relating to the performance of either an independent Representative or WorldVentures under the Agreement shall be settled totally and finally by arbitration in Dallas, Texas, or such other location as WorldVentures prescribes, in accordance with the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association, except that all parties shall be entitled to discovery rights allowed under the Federal Rules of Civil Procedure. All issues related to arbitration shall be governed by the Federal Arbitration Act.

*See* Dkt. 1-1, Representative Agreement at § 12. Section 9.4 of the Policies and Procedures contains a nearly identical provision (collectively, the "Arbitration Provision"). *See* Dkt. 1-2.

---

[1] The proceedings in *WorldVentures Marketing, LLC v. Rogers*, Case No. 4:18-cv-498-ALM-KPJ, and *Rogers v. WorldVentures Marketing, LLC, et al.*, Case No. 4:18-cv-522-ALM-KPJ, were consolidated on October 23, 2018, with Case No. 4:18-cv-498, designated as the lead case. *See* Dkt. #64. WorldVentures is Plaintiff in Case No. 4:18-cv-498, and Defendant in Case No. 4:18-cv-522, while Rogers is Defendant in Case No. 4:18-cv-498, and Plaintiff in Case No. 4:18-cv-522. Both Motions were filed on September 26, 2018, prior to consolidation. As the Magistrate Judge explained (*see* Dkt. #73), the Motions (Dkts. #54 and #65) are substantively identical, with substantively identical responses by Rogers (Dkts. #62; #66), and a single reply by WorldVentures (Dkt. #67). Accordingly, the Magistrate Judge's findings and conclusions apply to both Motions.

The Magistrate Judge found that WorldVentures provided sufficient evidence to establish that a contract, including an arbitration agreement, exists between the parties, and Rogers provided no convincing evidence to the contrary. *See* Dkt. #73 at 9. The Magistrate Judge also found that because the Arbitration Provision is explicitly subject to a survival clause, the parties' agreement to arbitrate is more than "plausible," and arbitration should be compelled. *Id*. at 9. Rogers' Objections involve challenges to the validity of his Agreements with WorldVentures—challenges Rogers has attempted to assert throughout these proceedings, and which the Magistrate Judge has addressed extensively. *See, e.g.*, Dkt. #47 at 9 ("Rogers admitted he was bound by terms of the Agreements and that he took steps to enforce the Agreements against other WorldVentures Representatives during his time at WorldVentures.").

Rogers also takes issue with the Magistrate Judge's finding that Rogers did not contest that he is bound by the August 2017 Representative Agreement (*see* Dkt. #74 at 3), arguing that he consented to some, but not all, of the terms of the Agreements at issue. *Id*. A contracting party "has the responsibility to read an electronically-presented contract, and cannot complain if they do not do so." *Bongalis-Royer v. RJ Worldwide LLC*, 2015 WL 12778846, at *6 (E.D. Tex. 2015) ("[W]here the ability to create a [multilevel marketing independent contractor relationship] is contingent on manifesting assent to the Policies & Procedures/Terms & Conditions, and those provisions are readily available and easily accessible by a clearly indicated hyperlink adjacent to the box where a user is requested to manifest assent to linked provisions, a user is capable of manifesting assent to the provisions by using the click-through process regardless of whether the user scrolls through the provisions or actually clicks the hyperlink."). Here, the Magistrate Judge found that the terms and conditions of the "clickwrap agreement" (i.e., the Representative Agreement and the Policies and Procedures) were available for review on Rogers' computer, as

3

part of the enrollment process, as well as on WorldVentures' public websites. *See* Dkt. #73 at 7 (citing Dkt. #2-1 at ¶ 15).

Based on the foregoing, Roger's arguments attacking the validity of the Agreements (or alternatively, choosing to be bound by the provisions he likes and disregarding those he does not) are unavailing, and the Court finds that Rogers is bound by the Agreements, including the Arbitration Provision. Accordingly, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

**IT IS THEREFORE ORDERED** that both Motions to Compel Arbitration and Stay Proceedings (Dkts. #54; #65) are **GRANTED**, and this consolidated action is **STAYED** pending resolution of the arbitration proceeding, except that this Court shall maintain jurisdiction of the Preliminary Injunction currently in effect (*see* Dkt. #79).

**SIGNED this 5th day of February, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE